### JAMES B. SIPE & CO. et al. v. COLUMBIA REFINING CO.

(Circuit Court, S. D. New York. May 3, 1909.)

**1. INJUNCTION (§ 114*)—PARTIES—JOINDER OF COMPLAINANTS.**

Two corporations, one of which is the successor in business of the other, may join in a bill to enjoin acts of defendant which will injure both complainants.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 210; Dec. Dig. § 114.*]

**2. EQUITY (§ 148*)—PLEADING—MULTIFARIOUSNESS.**

A bill to enjoin defendant from using a secret formula alleged to have been fraudulently obtained from complainant, and also from so dressing and naming the product as to constitute unfair competition, is not necessarily multifarious, where it alleges that the acts complained of are all parts of the same enterprise.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 341–367; Dec. Dig. § 148.*]

In Equity. On demurrer to bill on the ground that the complaint is multifarious and for misjoinder of parties.

John C. Pennie, for complainants.
Herman Goldman, for defendant.

LACOMBE, Circuit Judge. This demurrer could be easily disposed of if it were concerned only with the joinder of the two companies in the prosecution of defendant for its improper acts, which have worked injury to both complainants, and which acts, if continued, threaten injury directly to the Delaware company and in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

directly to the Pennsylvania company, possibly making it liable to its vendee upon its guaranty.

The objection that the bill is multifarious, because it joins two separate causes of action, is more serious. It is averred that defendant has fraudulently obtained possession of a secret formula, the property (in succession) of complainants, and has been and is manufacturing and selling paint oil made in accordance therewith. It is also avered that defendant is offering its goods for sale as "Japinol," which is a colorable imitation of the trade-name "Japan Oil," under which complainant's product has been marketed for many years. The prayer for relief asks that both of these practices be enjoined. It is one thing to steal a man's secret formula, and by the use of it to produce goods which are identical with those he makes. It is another thing to make up goods which are not identical with those he makes, but which are inferior or different from them in some way, and then sell such goods as being in fact the genuine article, through misrepresentations on wrappers or in advertisements. But as set forth in the bill these transactions are all parts of a single enterprise. It is also alleged that an employé was enticed away and induced to give the names and addresses of customers—unfair competition in an effort to get the trade of persons who wish to make use of paint oil. I am inclined, therefore, to hold, although not without some doubt, that the bill is not obnoxious to the objection that it is multifarious. It would certainly be unfortunate to have to try this same controversy twice over in separate suits because of too rigid an adherence to rules of practice.

The demurrer is overruled.